DESMOND v. THE INDEPENDENT DIST. OF GLENWOOD.

1. **Superintendent of Public Instruction:** POWER TO CORRECT DECISIONS. The superintendent of public instruction, in the discharge of his judicial duties has the power, possessed by all courts and judicial officers, to correct mistakes in his decisions; and if, through mistake, he should announce a decision differing from the one actually rendered, or render a wrong decision, he could, before rights have been acquired under it, and within a proper time, upon discovering his mistake, recall it and decide rightly, and in such case the second decision would be the one governing the case.

*Appeal from Mills Circuit Court.*

FRIDAY, MARCH 4.

ACTION to recover compensation for services rendered by plaintiff to defendant as a teacher of its grammar school. A

demurrer to defendant's answer was overruled. Plaintiff, standing on her demurrer, appealed.

*Kelly Bros.* and *John Y. Stone*, for appellant.

*E. B. Woodruff*, for appellee.

BECK, J.—I. The amount in controversy being less than $100, the cause is sent here upon the following certificate: "It is hereby certified that there are questions of law involved in this case upon which it is desirable to have the opinion of the supreme court, to-wit; The paintiff was a school-teacher, employed by the defendant, or the directors of the school-district, to teach for five and three-fourths months, under written contract, two months of which time was unexpired. The directors made an order discharging her. She appealed to the county superintendent from the order. The county superintendent sustained the action of the board of directors. She then appealed to the state superintendent of public instruction. Both parties appeared by their attorneys before that officer at Des Moines, and fully argued and submitted the case, and returned to their homes in Mills county, the state superintendent having taken the case under advisement. After several weeks, the state superintendent signed and forwarded his written opinion in the case to the county superintendent of Mills county, to be filed, sustaining the action of the board of directors and the county superintendent. Afterwards, and without any request for a rehearing having been made by either party in the case, and without any notice being given to either party by the state superintendent, [*and before said written opinion had been filed by the county superintendent of Mills county,*] the state superintendent recalled his said decision, [as being incorrect and erroneous,] and rendered another decision in the case, reversing the action of the board of directors and the county superintendent, and sent the same to the county superintendent of Mills county, to be filed as the decision in

the case. (1) Did the state superintendent have the power to recall the first decision, and make the second one? (2) Is the *first decision* of the state superintendent, under the facts, the final order governing the case, in view of the second decision? (3) Is the *second decision* of the state superintendent the final order governing the cause? (4) Has this court power or authority to decide whether the state superintendent adopted a proper method of procedure in recalling the first decision?"

Defendant files an amended abstract, showing that the words inclosed in brackets in the foregoing certificate do not appear in the record. This amendment is not denied, and must therefore be regarded as correct. The certificate will be regarded as though the words in the brackets did not appear therein.

II. The superintendent of public instruction, in the discharge of his judicial duties, has the power to correct mistakes in rendering judgments in a case before him possessed by all courts and judicial officers. If, through mistake, he should announce a decision differing from the decision actually rendered, he possesses the power to recall such an announcement, and publish the decision correctly; or if, mistakenly, he should render a decision, he could, before rights had been acquired under it, and within a proper time, upon discovering his mistake, recall it, and decide rightly. The certificate does not show why or within what time the first decision was recalled. In the absence of any showing on the subject, we will presume it was done for a proper cause, and within a proper time, and that no rights had been acquired under the first judgment. The second decision is to be regarded as the final judgment rendered by him. These views sufficiently answer the first, second and third questions certified by the judge of the district court.

III. The fourth question we cannot answer, for the reason that the certificate fails to show what "method of pro-

cedure," if any, the superintendent adopted in recalling his first decision.

In our opinion, the district court erred in holding that the first decision was the final judgment of the superintendent.

REVERSED.